IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 12-310 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| BYRON STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

To the extent that Defendant's Motions (Docs. 92 & 97) for compassionate release are not moot,[1] they will be denied.

The Court acknowledges that Defendant's documented health-conditions are not entirely insignificant. Nevertheless, the Court is required to balance these factors with the ones resulting in his sentence, pursuant to 18 U.S.C. §§ 3553 and 3583(e).

Here, Defendant was serving sixteen months' imprisonment on his *second* supervised release violation. Given his unwillingness and/or inability to comply with conditions of release, the Court determined that Defendant was not amenable to supervision, and no additional supervision was ordered. *See generally* Doc. 90. Under the circumstances, the suggestion that Defendant be permitted to finish the remainder of his sentence on home confinement (*see* Doc. 97 at 1) is/was particularly ill-fitting.

Otherwise, the health risks associated with Defendant's continued incarceration are/were outweighed by the purposes of sentencing, namely the nature and circumstances of Defendant's conduct and need to afford adequate deterrence.

---

[1] *See* Doc. 97 at 22 (indicating that Defendant was due for release to a halfway house as early as September 22, 2020, and no later than December 17, 2020).

2

For these reasons, along with the others identified in the government's opposition (Doc. 100), Defendant's Motions (**Docs. 92 & 97**) for compassionate release are **DENIED**.

IT IS SO ORDERED.


February 1, 2021                                              s\Cathy Bissoon
                                                              Cathy Bissoon
                                                              United States District Judge


cc (via ECF email notification):

All Counsel of Record